UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

v.

MATTHEW NIX,

Defendant.

**DECISION AND ORDER**

6:15-CR-6126 EAW

## INTRODUCTION

Defendant Matthew Nix ("Defendant") was originally charged in a two-count indictment with possession of 100 grams or more of heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count 1) and possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 2). (Dkt. 7). Defendant was subsequently charged by way of a superseding indictment (Dkt. 37) with possession of 1 kilogram or more of heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count 1); possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 2); and three separate counts of using a premises to manufacture and distribute controlled substances in violation of 21 U.S.C. § 856(a)(1) and/or 18 U.S.C. § 2, related to three separate addresses, as follows:

Count 3      126 Deerhurst Lane, Apartment 4, Webster, New York (hereinafter "Premises Two");

Count 4      85 Thomas Street, Rochester, New York (hereinafter "Premises Three"); and

- 1 -

Count 5        28 Hill Court Circle, Apartment B, Irondequoit, New York
               (hereinafter "Premises One").

All pretrial matters were referred to United States Magistrate Judge Jonathan W.

Feldman pursuant to 28 U.S.C. §§ 636(b)(1)(A) & (B).  (Dkt. 8).  On April 25, 2016,

Magistrate Judge Feldman issued a thorough and comprehensive Report and

Recommendation (Dkt. 36), recommending denial of Defendant's motion (Dkt. 14) to

suppress evidence obtained from the execution of three search warrants,[1] and

recommending denial of Defendant's supplemental motion (Dkt. 28) seeking sanctions.

Defendant timely filed objections to the Report and Recommendation on May 16, 2016

(Dkt. 40), and the Government filed a response on May 27, 2016 (Dkt. 42).  This Court

conducted a motion hearing on June 14, 2016, and requested further briefing because it

appeared as though Defendant was attempting to raise new issues that had not previously

been presented to Magistrate Judge Feldman.  (Dkt. 44; Dkt. 45).  Further briefing was

filed on June 24, 2016 (Dkt. 46) and July 6, 2016 (Dkt. 47), and it was apparent that

Defendant was raising new issues.  As a result, the Court granted Defendant leave to file

further pretrial motions addressing issues not previously raised and/or ruled upon by

---

[1]       Defendant was originally represented by counsel, who filed various omnibus
motions on behalf of Defendant (Dkt. 19; Dkt. 20).  While represented by counsel,
Defendant filed an omnibus motion that he had prepared on his own, including the
motion to suppress evidence that is the subject of Magistrate Judge Feldman's Report and
Recommendation.  (Dkt. 14).  Thereafter, Defendant elected to proceed *pro se*, and
requested that only his motion filed at Docket 14 be considered.  (*See* Minute Entry from
January 7, 2016).  Subsequently, at Defendant's request, his standby counsel was
assigned as counsel.  (Dkt. 38).

Magistrate Judge Feldman, and the case was re-referred to Magistrate Judge Feldman. (Dkt. 48).[2]

On July 25, 2016, Defendant filed further pretrial motions before Magistrate Judge Feldman (Dkt. 49), and the Government filed a response in opposition on August 15, 2016 (Dkt. 51). Oral argument was scheduled before Magistrate Judge Feldman for August 18, 2016 (Dkt. 50), and on that date, Defendant filed further papers (Dkt. 52). After the oral argument, both parties made additional submissions. (Dkt. 54; Dkt. 55; Dkt. 58; Dkt. 59). On November 7, 2016, Magistrate Judge Feldman issued a thorough and comprehensive Report and Recommendation, addressing the further issues raised by Defendant. (Dkt. 61). Defendant filed objections on November 22, 2016 (Dkt. 62), and the Government filed a response on December 6, 2016 (Dkt. 64), at which time the Court took the matter under advisement.

---

[2]     At the appearance on June 14, 2016, Defendant suggested that he was attempting to raise issues with respect to the suppression of material obtained pursuant to a warrant issued by Magistrate Judge Payson authorizing the installation and use of a pen register, trap and trap device, and warrant for location data related to a cellular telephone. The warrant was directed to the service provider for the cellular telephone. Defendant had not previously raised any issue concerning that warrant in his pretrial motions filed before Magistrate Judge Feldman. This Court permitted further briefing on that issue. (Dkt. 45). In response, among other points, the Government argued that Defendant failed to demonstrate any legitimate expectation of privacy sufficient to have standing to seek suppression of the evidence obtained pursuant to the warrant issued by Magistrate Judge Payson. (Dkt. 46 at 5-7). Defendant responded by raising a host of other issues (Dkt. 47), prompting this Court to issue a Text Order allowing Defendant to file additional pretrial motions and re-referring the case to Magistrate Judge Feldman to resolve any additional issues. (Dkt. 48). Upon re-referral to Magistrate Judge Feldman, Defendant apparently elected not to pursue suppression of the information obtained pursuant to the warrant issued by Magistrate Judge Payson. (*See* Dkt. 49; Dkt. 52; Dkt. 55; Dkt. 59).

A district court reviews any specific objections to a report and recommendation under a *de novo* standard. Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings). To trigger the *de novo* review standard, objections to a report "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Following review of the report and recommendation, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

For the reasons set forth below, after a *de novo* review, the Court accepts Magistrate Judge Feldman's Reports and Recommendations (Dkt. 36; Dkt. 61), and Defendant's motion to suppress (Dkt. 14), motion for sanctions (Dkt. 28), and motion seeking various omnibus relief (Dkt. 49) are denied.

## MOTION TO SUPPRESS (Dkt. 14)

Defendant seeks to suppress evidence obtained through execution of search warrants at Premises One, Premises Two and Premises Three, that are now the subject of

- 4 -

Counts 3, 4 and 5 of the Superseding Indictment.[3]  Magistrate Judge Feldman's Report and Recommendation thoroughly and accurately recites the contents of the search warrant applications related to these three separate premises and the results of their execution. (Dkt. 36 at 2-6). The Court will not repeat that detail here.

The Government opposed Defendant's motion to suppress on the grounds that Defendant failed to establish by a preponderance of the evidence a reasonable expectation of privacy in the premises searched. (Dkt. 21 at 7). In response to that argument, Defendant filed documents purportedly intended to be affidavits[4] establishing his "standing" to challenge the search warrants. (Dkt. 23).

Magistrate Judge Feldman did not resolve the issue of whether Defendant had a cognizable Fourth Amendment interest in the evidence found at each of the premises searched, instead determining that even if Defendant had "standing" to challenge the warrants, his arguments in favor of suppression lacked merit.  (Dkt. 36 at 6-7). Defendant objects to the Report and Recommendation's failure to resolve that issue, and asks that this Court resolve the issue. (Dkt. 40 at 2).

---

[3]     At the time of the initial motion practice before Magistrate Judge Feldman, the Superseding Indictment had not been returned, and Defendant was not charged with illegally maintaining any of these residences to engage in drug activity.

[4]     The Government correctly challenged the form of these affidavits in its papers submitted to Magistrate Judge Feldman (Dkt. 25 at 1), as the so-called affidavits did not comport with the requirements of 28 U.S.C. § 1746, and the statements contained in the affidavits are not referenced as having been made under oath. Rather, the "affidavits" simply contain Defendant's purported signature, and then a notary stamp and purported signature of the notary (with no indication that the statements were sworn to under oath before the notary). (*See* Dkt. 23).

For the reasons outlined in the Government's submission to Magistrate Judge Feldman (Dkt. 21 at 7;  Dkt. 25 at 1-4), this Court agrees that Defendant's conclusory claims in his so-called "affidavits" with no factual support appear to fall far short of establishing standing to challenge the searches of the premises at issue.  However, because the Court agrees with Magistrate Judge Feldman that, even if Defendant established standing, his attack on the warrants lacks merit, this Court will address the substance of Defendant's challenge.

Defendant focuses a significant portion of his objections on the fact that Magistrate Judge Feldman inadvertently crossed out the probable cause reference with respect to the warrant for Premises Two, when he only intended to eliminate the language authorizing a no-knock entry for that premises.  For the reasons set forth more thoroughly in the Report and Recommendation, this Court rejects Defendant's arguments in this regard.  In brief, the warrant complied with the requirements of Fed. R. Crim. P. 41, which does not require that the warrant contain a statement that probable cause exists.  As set forth by Magistrate Judge Feldman, the warrant was supported by ample probable cause notwithstanding the inadvertent cross-out.  Even if the warrant was somehow facially deficient, the good faith exception would apply.  As aptly noted by Magistrate Judge Feldman: "it defies logic to think that the Court would modify, sign, and issue the warrant for Premises Two with instructions on how to carry out the search while simultaneously finding that no probable cause exists to justify the search."  (Dkt. 36 at 17 n.4).

Defendant also objects to the Report and Recommendation on the grounds that he was not granted a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), with respect to alleged falsities contained in the affidavit of ATF Agent Martineck submitted in support of the search warrant applications. Defendant contends that Agent Martineck's statement that "CI-1 has participated in nine (9) recorded, controlled transactions, purchasing a total of approximately 211 grams of heroin directly from NIX in the last 30 days" was false because AUSA Marangola, in an appearance before Judge Feldman on September 18, 2015, responded negatively to the Court's question as to whether discovery would include "wiretaps or other information" (Dkt. 40 at 10-11). Later, at a detention hearing in the matter, it came to light that the Government had not produced audio recordings of the transactions between Defendant and CI-1, based upon its reasoning that it was attempting to protect the identity of CI-1 and did not intend to use the recordings at trial. (Dkt. 40-2 at 34-35). Yet, the Government has conceded that the material was discoverable pursuant to Fed. R. Crim. P. 16 (Dkt. 32 at 6 n.3), and the recordings were subsequently produced to Defendant and he was able to listen to the recordings (Dkt. 36 at 17 n.3).

Defendant also contends that a *Franks* hearing is warranted because of references included in Agent Martineck's affidavit about Defendant's alleged involvement in a Hobbs Act conspiracy. (Dkt. 40 at 13-15). Defendant has been indicted in a separate proceeding involving an alleged Hobbs Act conspiracy that is designated by case number 6:14-CR-6181. Defendant further supports his request for a *Franks* hearing by arguing that there were false statements in the affidavit submitted to United States Magistrate

- 7 -

Judge Marian W. Payson in support of an application for a warrant used to gather cell phone data (Dkt. 14 at 10), that was ultimately used to support the application for the search warrants issued by Magistrate Judge Feldman (Dkt. 40 at 15-16).

As discussed more thoroughly in Magistrate Judge Feldman's Report and Recommendation (Dkt. 36 at 13-15), Defendant's claims are woefully inadequate to justify a *Franks* hearing.   Defendant has failed to make the requisite substantial preliminary showing that the findings of probable cause for issuance of the warrants were based upon knowing and intentionally false statements, or false statements made with a reckless disregard of the truth. Indeed, for the reasons set forth more fully by Magistrate Judge Feldman, Defendant's allegations of falsity are conclusory and illogical.

Accordingly, based upon this Court's *de novo* review, it concludes that Magistrate Judge Feldman's Report and Recommendation (Dkt. 36) should be adopted in its entirety, and Defendant's motion to suppress (Dkt. 14) is denied.

## MOTION FOR SANCTIONS (Dkt. 28)

Defendant also sought sanctions against the Government for the failure to promptly turn over the audio recordings involving CI-1.  Specifically, Defendant sought dismissal of the charges or alternatively preclusion of the recordings at trial.[5]  (Dkt. 36 at 18).  Magistrate Judge Feldman recommended denying that motion, and for the reasons set forth in the Report and Recommendation (*id.* at 20), this Court agrees that Defendant has failed to establish his entitlement to sanctions.  Not only have the audio recordings

---

[5]     Although initially planning not to use the audio recordings at trial, the Government now intends to use the audio recordings since they were produced to Defendant. (Dkt. 32 at 5).

- 8 -

been disclosed to Defendant with no resulting prejudice established, but the Court has reviewed the transcript of the Government's statements with respect to anticipated discovery (Dkt. 40-1 at 5-7), and the Government never made any representations one way or the other about audio recordings. Rather, the Government was asked specifically about wiretaps, but nothing about audio recordings. Indeed, the affidavit of Agent Martineck submitted in support of the warrant applications made to Magistrate Judge Feldman plainly spelled out that the controlled buys involving CI-1 were recorded by audio. (*See* Dkt. 26-1 at ¶¶ 15-24, 26-27, 29, 32, 37). In other words, the Government has never concealed the existence of the subject audio recordings, disclosing them in court submissions even before Defendant was charged.

Accordingly, based upon this Court's *de novo* review, it adopts Magistrate Judge Feldman's Report and Recommendation in its entirety (Dkt. 36), and Defendant's motion for sanctions (Dkt. 28) is denied.

## MOTION SEEKING VARIOUS OMNIBUS RELIEF (Dkt. 49)

Magistrate Judge Feldman issued a comprehensive and thorough Report and Recommendation on November 7, 2016, addressing the issues raised by Defendant's subsequent motion filed at Docket 49. (Dkt. 61). Defendant has filed objections to that Report and Recommendation (Dkt. 62), which are addressed in turn below.

Defendant objects to the failure to grant his request for review of the grand jury minutes. (*Id.* at 7-8). As set forth in the Report and Recommendation, a presumption of regularity attaches to grand jury proceedings, and the standard for granting a request to review is high. (Dkt. 61 at 3-6). This Court agrees with the Report and Recommendation

that Defendant's request for review of grand jury materials suffers from a lack of legal merit, factual support and particularized need (*id.*), and therefore, his motion is denied.

Defendant also objects to the Report and Recommendation's conclusion that his motion to suppress video surveillance should be denied. (Dkt. 62 at 9-21). The Court agrees with the Report and Recommendation that Defendant failed to establish a reasonable expectation of privacy in the common areas of the multi-tenant apartment buildings captured by the cameras. (Dkt. 61 at 8-9). *See, e.g.*, *United States v. Fields*, 113 F.3d 313, 321 (2d Cir. 1997) (defendants had no legitimate expectation of privacy in common area accessible to other tenants in the multi-tenant family apartment building). Moreover, even if Defendant had a legitimate expectation of privacy, no warrant was required, for the reasons set forth in more detail in the Report and Recommendation. (Dkt. 61 at 9-10). Even if Defendant could "derivatively assert a basis to suppress evidence from a trespass on someone's else's property" (*id.* at 10), Defendant's reliance upon an unsworn statement from a representative of RG&E in response to a subpoena served by Defendant about the lack of documentary evidence (Dkt. 59 at 4-6), does not negate the sworn statements from FBI Special Agent Allen that the Rochester Police Department had permission from RG&E to install the pole camera (Dkt. 54 at ¶ 4). In other words, the RG&E statement submitted by Defendant only addresses the existence of documents responsive to Defendant's subpoena—it does not address whether RG&E gave permission for the pole camera at issue.

Finally, the failure to specifically delineate in the warrant applications that the observations reported were based on viewing video evidence as opposed to personal

- 10 -

observations, does not entitle Defendant to a *Franks* hearing, as more fully set forth in the Report and Recommendation. (Dkt. 61 at 10-12).

The Court has considered all other arguments raised by Defendant in his objections—some of which address dispositive issues that are reviewed by this Court *de novo* and some of which address non-dispositive issues that are reviewed pursuant to 28 U.S.C. § 636(b)(1)(A) under a clearly erroneous or contrary to law standard. Based upon the Court's review, Defendant's remaining objections are denied, for the reasons set forth more thoroughly in the Report and Recommendation.

## CONCLUSION

This Court adopts in their entirety Magistrate Judge Feldman's Reports and Recommendations (Dkt. 36; Dkt. 61), and for the reasons set forth above and as more thoroughly discussed in the Reports and Recommendations, Defendant's motions (Dkt. 14; Dkt. 28; Dkt. 49) are denied.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:      January 5, 2017
            Rochester, New York

- 11 -