UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

v.

MATTHEW NIX,

          Defendant.

**DECISION AND ORDER**

6:15-CR-06126 EAW

## INTRODUCTION

Presently before the Court are competing motions to dismiss by Defendant Matthew Nix ("Defendant") (Dkt. 79) and the Government (Dkt. 82). Defendant moves to dismiss with prejudice the Indictment in the above-referenced matter on the grounds that the Government violated his rights under the Speedy Trial Act ("STA"), 18 U.S.C. § 3161, as well as his Sixth Amendment right to a speedy trial. (Dkt. 79). The Government moves to dismiss the Indictment without prejudice pursuant to Federal Rule of Criminal Procedure 48(a). (Dkt. 82).

For the following reasons, Defendant's motion to dismiss is denied, the Government's motion is granted, and the Indictment[1] is dismissed pursuant to Rule 48(a) without prejudice.

---

[1] Neither party appears to acknowledge that a Superseding Indictment was filed on April 28, 2016, and therefore is the operative pleading in this matter. (Dkt. 37). The Court interprets the pending motions as directed toward the Superseding Indictment.

- 1 -

## BACKGROUND

On September 17, 2015, Defendant was indicted in this case and charged with various narcotics offenses. (Dkt. 7). The following year, on April 28, 2016, Defendant was indicted in case number 6:14-CR-06181 ("Hobbs Act Case") with various offenses related to a series of violent home invasions.

Trial commenced in the Hobbs Act Case on February 13, 2017, and lasted for five weeks. In the meantime, the Court scheduled the trial in the above-captioned matter to commence May 10, 2017. (Dkt. 68 at 1). The Court excluded from the speedy trial clock the period from January 6, 2017, through May 10, 2017. (*Id.* at 11-12).

On March 17, 2017, a jury returned a verdict of guilty on all counts in the Hobbs Act Case. Defendant then filed post-verdict motions pursuant to Federal Rules of Criminal Procedure 29(c) and 33, as well as a variety of other post-verdict motions.

At a status conference on April 24, 2017, the Court adjourned the trial in the above-captioned matter to July 5, 2017, and continued the speedy trial exclusion through that adjourned trial date. The Court memorialized its findings on the record. Then, at a further status conference on May 22, 2017, the Court granted the Government's request to adjourn the July 5, 2017, trial date and continue the speedy trial exclusion through a further status conference scheduled for July 6, 2017. The Court memorialized its findings on the record, as well as in a written order, wherein the Court explained that it had adjourned the trial based on the Government's representation that it would move to dismiss the Indictment should the post-verdict motions filed by the defense in the Hobbs Act Case be denied. (Dkt. 74). The Court explained that "[p]roceeding to trial on an indictment that may ultimately

be dismissed would not serve the public interest or the interests of justice." (*Id.* at 3). The Court also noted that the period through July 6, 2017, was automatically excludable under 18 U.S.C. § 3161(h)(1) because the delay was attributable to the post-verdict motions in the Hobbs Act Case. (*Id.*).

At a further status conference on July 6, 2017, the Court scheduled another status conference for August 29, 2017. On the record, the Court noted that the post-verdict motions were still pending in the Hobbs Act Case, and it excluded the period from July 6, 2017, through August 29, 2017, from the speedy trial clock in the interests of justice pursuant to 18 U.S.C. § 3161 (h)(7)(A) and (h)(7)(B)(iv). (Dkt. 76). The Court also noted that the time was automatically excluded under 18 U.S.C. § 3161(h)(1). (*Id.*).

The Court subsequently resolved the post-verdict motions in the Hobbs Act Case in favor of the Government. On August 28, 2017, Defendant filed the instant motion to dismiss the Indictment in the above-captioned matter on the grounds that the Government had violated his rights under the STA, and his Sixth Amendment right to a speedy trial. (Dkt. 79). On September 8, 2017, the Government filed the instant motion to dismiss pursuant to Rule 48(a). (Dkt. 82). Of course, once Defendant's motion was filed, the time was excluded pursuant to 18 U.S.C. § 3161(h)(1)(D) and then pursuant to 18 U.S.C. § 3161(h)(1)(H). (Dkt. 80).

# DISCUSSION

I. **Defendant's Motion to Dismiss**

   A. **Speedy Trial Act, 18 U.S.C. § 3161**

The STA provides that "[i]n any case in which a plea of not guilty is entered, the trial . . . shall commence within seventy days from the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court." 18 U.S.C. § 3161(c)(1). The STA then lists a set of exclusions from the 70-day period, including "[a]ny period of delay resulting from a continuance . . . if the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). Additionally, any period of delay resulting from "other proceedings concerning the defendant" is automatically excluded from the speedy trial clock. *Id.* § 3161(h)(1) (emphasis added).

Defendant argues that the Government violated his statutory rights under the STA, and that the Indictment must be dismissed, with prejudice. (Dkt. 79). According to Defendant, it has been 110 days since the trial initially was scheduled to commence; it has been 136 days since the Government "has failed to be ready for trial, violating the Order for pretrial submission"; and it has been 140 days since the Government "has failed to be ready for trial, violating the pretrial order for Jencks." (*Id.* at 5).

The Government responds that, even assuming the longest delay suggested by Defendant—140 days prior to the filing of Defendant's motion to dismiss on August 28,

2017—that period of time was excluded from the speedy trial clock under the "interests of justice exception," set forth in 18 U.S.C. § 3161(h)(7). (Dkt. 83 at 2).

The period between April 10, 2017, and August 28, 2017, comprises the 140 days cited by Defendant in his motion. (Dkt. 79 at 5). As explained above, that entire period of time was excluded from the speedy trial clock.

Defendant misapprehends the requirements of the STA. Whether a trial went forward as originally scheduled, or whether the Government produced Jencks Act material in advance of the originally scheduled trial date, has no bearing on whether time is excluded under the STA. Here, the Court prospectively excluded the relevant time in the interests of justice, and, in addition, the time was automatically excluded because of other pending proceedings concerning Defendant. Consequently, Defendant's statutory STA rights were not violated.

**B.     Sixth Amendment Speedy Trial Right**

Defendant also argues, albeit in a conclusory fashion, that the Government violated his Sixth Amendment right to a speedy trial. (Dkt. 79 at 5).

In determining whether a defendant's constitutional right to a speedy trial has been violated, courts look to the four factors set out in *Barker v. Wingo*, 407 U.S. 514, 530-32 (1972). The Second Circuit has described those factors as follows: "(1) the length of the delay; (2) the reasons for the delay; (3) whether the defendant asserted his right in the run-up to the trial; and (4) whether the defendant was prejudiced by the failure to bring the case to trial more quickly." *United States v. Cain*, 671 F.3d 271, 296 (2d Cir. 2012). Those factors "require courts to engage in a difficult and sensitive balancing process," and the

balancing of those factors is within the discretion of the district court. *Id.* (internal quotation marks omitted).

Defendant argues, in his reply papers, that the delay was deliberate on the part of the Government. He contends that the Government "perverted the process . . . using it for the sole purpose[] of keeping [Defendant] incarcerated." (Dkt. 84 at 3). Defendant further argues that the Government "has not gone forward with multiple trial dates presumably for some tactical reason." (*Id.* at 6). Yet, Defendant offers no evidence of deliberate delay beyond his conclusory statements regarding the Government's intent.

The Government, for its part, contends that the 27-month delay between Defendant's arrest and the filing of the instant motion is not enough, on its own, to establish a constitutional violation. (Dkt. 83 at 5); *see, e.g., United States v. Ghailani*, 733 F.3d 29, 48 (2d Cir. 2013) (no constitutional violation despite five-year delay); *United States v. Vasquez*, 918 F.2d 329, 338 (2d Cir. 1990) (noting that the 26-month delay "was less extensive than that tolerated in other cases"). Furthermore, the Government contends the reasons for delay, up to the date that the Government sought an adjournment of the trial, are attributable to Defendant's requests to change court-appointed attorneys and to represent himself, and to the numerous pre-trial motions filed by Defendant or on his behalf. (*Id.* at 6). Finally, the Government contends that Defendant has failed to argue that he was prejudiced by any delay, nor could Defendant establish prejudice, as the Government has filed a motion to dismiss the Indictment. (*Id.*).

In this case, the reason for the delay and whether Defendant was prejudiced by the delay weigh heavily against Defendant. In considering the reason for the delay, "'different

weights should be assigned to different reasons.' . . . 'A deliberate attempt to delay the trial' weighs heavily in defendant's favor, while a valid reason . . . should serve to justify appropriate delay." *United States v. Carpenter*, No. 3:13-CR-226(RNC), 2016 WL 1118236, at *3 (D. Conn. March 22, 2016) (quoting *Barker*, 407 U.S. at 531). A "neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered." *Id.* Here, the delay was largely attributable to Defendant's extensive pretrial motions, various changes of counsel and proceeding *pro se*, and the trial proceedings on the Hobbs Act Case, not to negligence or a deliberate attempt to delay.

Turning to the prejudice prong of the *Barker* analysis, the Government is correct that Defendant has failed to establish that he was prejudiced by the delay. The earlier continuances granted on the Indictment permitted Defendant's counsel to prepare for trial on the Hobbs Act Case; the later continuances delayed the trial pending the outcome of the post-verdict motions in the Hobbs Act Case, following a denial of which, the Government represented, it would move to dismiss the Indictment. Both reasons for delay were in Defendant's best interests and did not prejudice Defendant. Indeed, the Indictment is being dismissed without prejudice on the Government's motion.

## II. Government's Motion to Dismiss Pursuant to Fed. R. Crim. P. 48(a)

Federal Rule of Criminal Procedure 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent." Fed. R. Crim. P. 48(a). When the government seeks leave to dismiss charges, the district

court is "empowered to withhold leave if the Government's decision to terminate . . . clearly disserve[s] the public interest." *Rinaldi v. United States*, 434 U.S. 22, 29 (1977). "Dismissal pursuant to Rule 48(a) is generally without prejudice." *United States v. Doody*, No. 10 CR 1059(SAS) 2002 WL 562644, at *2 (S.D.N.Y. April 16, 2002). "Courts dismiss cases under Rule 48(a) with prejudice or deny such motions only where the prosecutor acted in 'bad faith. . . .'" *Id.*

The Government asks the Court to dismiss the Indictment in the above-captioned matter without prejudice for three reasons: (1) dismissal would conserve judicial, prosecutory, and investigative resources; (2) Defendant would incur no additional punishment upon a conviction in this case given that he will be serving the equivalent of a sentence of life imprisonment as a result of the guilty verdict in the Hobbs Act Case; and (3) dismissal would prevent the disclosure of the identities of a confidential informant and cooperating witnesses. (Dkt. 82 at 4-5).

In response, Defendant states, in a conclusory fashion, that the Government seeks to dismiss this Indictment without prejudice "for some tactical advantage or to hold the charges over the head of the Defendant and not in the interest of seeking justice on the charges." (Dkt. 84 at 7). Because Defendant offers no more than a bare assertion that the Government's Rule 48(a) motion to dismiss is made in bad faith, and dismissal does not "clearly disserve the public interest," *Rinaldi*, 434 U.S. at 29, the Government's motion is granted.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Indictment in the above-captioned matter on the grounds that the Government violated the STA and Defendant's Sixth Amendment right to a speedy trial is denied. (Dkt. 79).

The Government's motion to dismiss the Indictment in the above-captioned matter pursuant to Rule 48(a) is granted. (Dkt. 82). The Superseding Indictment in case number 6:15-CR-06126 (Dkt. 37) is hereby dismissed without prejudice, and the Clerk of Court is directed to close the case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: October 13, 2017
Rochester, New York